UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
OCT 3 1 2019
Clerk, U.S. District and
Bankruptcy Courts

PAUL A. FAJANA,         )
                        )
       Plaintiff,       )
                        )
   v.                   )   Civil Action No. 19-3160 (UNA)
                        )
JEFFREY R. HOWARD, et al., )
                        )
       Defendants.      )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

The plaintiff brought a civil action in the United States District Court for the District of Massachusetts. The court dismissed the complaint, *see Fajana v. Vance*, No. 1:15-cv-13727 (D. Mass. July 6, 2016) (Memorandum of Decision granting the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted), and a three-judge panel of the United States Court of Appeals for the First Circuit dismissed as untimely plaintiff's appeal of the district court's ruling on a post-judgment motion for joinder, *see Fajana v. Vance*, No. 19-1148 (1st Cir. Apr. 8, 2019).

According to the plaintiff, United States District Judge Zobel's ruling "was in . . . stark violation of the law," Compl. at 2; *see id.* at 4, and the Clerk of Court "obstructed justice," *id.* at 3, by docketing the defendant's opposition to the plaintiff's motion for joinder but not docketing the motion itself, *see id.* at 3-4. With respect to the appeal, the plaintiff alleged that the First Circuit erred by failing to consider his incapacitation to excuse his untimely appeal. *See id.* at 5-

8. The plaintiff has asked this Court to award him monetary damages, to order Judge Zobel to rule on his motion for joinder and to order the defendants to transfer his prior civil action to this district court. *Id.* at 9-10.

It is apparent that all of the plaintiff's claims against Judges Howard, Torruella, Kayatta and Zobel pertain to actions taken in their judicial capacities. These claims cannot survive because the judges enjoy absolute immunity from suit. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages").

The immunity that judges enjoy, *see Mirales v. Waco*, 502 U.S. 9 (1991), extends to clerks performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1282 (2008). Because it appears that the Clerk of Court's alleged wrongful action occurred in the course of the performance of judicial functions, judicial immunity protects the Clerk from suit. *See, e.g., Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011).

An Order consistent is issued separately.

DATE: October 31, 2019

CHRISTOPHER R. COOPER
United States District Judge